UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY SPENCER,

        Plaintiff,

                                          Case No. 15-cv-12209

v.

                                          HON. MARK A. GOLDSMITH

HURON COUNTY, et al.,

        Defendants.

_____/

**OPINION AND ORDER
GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Dkt. 41); DENYING PLAINTIFF'S MOTION TO ENLARGE THE RECORD (Dkt. 54); AND DENYING DEFENDANTS' MOTIONS IN LIMINE (Dkts. 52, 53) AS MOOT**

In this civil-rights case, brought pursuant to 42 U.S.C. § 1983, Plaintiff Anthony Spencer challenges the lawfulness of his arrest and subsequent prosecution for drug trafficking by officers of the Huron County Sheriff's Office. Defendants have filed a motion for summary judgment (Dkt. 41), arguing, in part, that they did not violate Spencer's constitutional rights because the doctrine of collateral estoppel prevents Spencer from relitigating the issue of probable cause.[1] As discussed below, the Court agrees with Defendants and grants, in part, their motion for summary judgment.[2]

**I. BACKGROUND**

---

[1] Because oral argument will not aid the decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

[2] Defendants also filed two motions in limine (Dkts. 52, 53), and Spencer filed a motion to enlarge the record (Dkt. 54), all of which the Court denies in light of this opinion and order granting in part Defendants' motion for summary judgment, see infra.

In July 2012, Defendant Ryan Swartz, a Huron County deputy sheriff, was assigned to county-wide drug investigations. See Defs. Statement of Material Facts ("SMF") ¶ 4 (Dkt. 41). Shortly thereafter, Swartz received tips that Spencer was involved in trafficking heroin. Id.

Later, in March 2013, Tracey Champagne, an inmate at the Huron County jail, sent an internal jail communication to Defendant Daryl Ford, a Huron County detective, offering her services as a confidential informant for drug investigations. Id. ¶ 6. Champagne had worked as a confidential informant for Ford in the past. Id. Ford then informed Swartz of Champagne's offer, and the two of them interviewed Champagne. Id. ¶ 7. Following that interview, Swartz sought and received permission from the Huron County Prosecutor for Champagne to serve as a confidential informant in Swartz's drug investigations. Id. ¶ 8. As a confidential informant for Swartz, Champagne participated in numerous controlled drug buys. Id. ¶ 11. Before each controlled buy, Champagne was searched and provided "buy money" to use during the drug transaction. Id. ¶¶ 14, 15.

Champagne claims that Spencer either arranged for her to buy heroin or directly sold heroin to her on at least three occasions near the end of May 2013. Id. ¶ 13. For these particular incidents, Champagne entered the car of Spencer's cousin, Rollie Smith, to consummate the drug buys. Id. ¶ 14; Pl. Resp. at 15 (Dkt. 48). For at least two of these controlled buys, Champagne told Swartz that Spencer was in the car, handed her a bag of suspected heroin, and took the buy money in return. Defs. SMF ¶ 16.

On June 26, 2013, Spencer's best friend, Jeff Hatch, was arrested following the discovery of approximately 22 grams of heroin located in Hatch's bedroom. See id. ¶¶ 12, 17; Spencer Dep. at 43 (Dkt. 41-9). The following day, Champagne informed Swartz that Spencer was aware of Hatch's arrest and that Spencer intended to flee because he thought there was a warrant issued

for his arrest. Defs. SMF ¶ 17. Upon learning of this information, Swartz contacted Defendant Ryan Neumann, a Huron County sergeant, and asked him to detain Spencer at a location provided by Champagne. Id. ¶ 18. Neumann arrived at that location and detained Spencer until Swartz arrived. Id. ¶ 19. Spencer was then transported to the Huron County jail and lodged overnight. Id. Arrest warrants were issued the following morning. Id. ¶ 20.

In September 2013, two preliminary examination hearings were held in state court. Id. After those hearings, the state-court judge determined that there was probable cause to bind Spencer over to trial on all of the felony charges. Id. However, six months following Spencer's arrest, Smith informed Swartz and Tom Evans, a chief assistant prosecutor, that Spencer was not involved in any of the drug sales that took place at the end of May 2013. Id. ¶ 21. After Spencer took and passed a polygraph examination, all of the charges against him were dismissed, on the prosecutor's motion. Id. ¶ 23.

## II. STANDARD OF DECISION

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When evaluating a summary judgment motion,

> credibility judgments and weighing of the evidence are prohibited. Rather, the evidence should be viewed in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Thus, the facts and any inferences that can be drawn from those facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Biegas v. Quickway Carriers, Inc., 573 F.3d 365, 374 (6th Cir. 2009).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "To withstand summary judgment, the nonmoving party must present sufficient evidence to create a genuine issue of material fact." Humenny v. Genex Corp., 390 F.3d 901, 904 (6th Cir. 2004). The nonmoving party "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009) (quoting Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). A mere scintilla of evidence is insufficient; rather, "there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson, 477 U.S. at 252.

### III. ANALYSIS

**A. Fourth Amendment Claims and the Doctrine of Collateral Estoppel**

The Fourth Amendment prohibits "unreasonable searches and seizures," U.S. Const. amend. IV, but a "warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). To prevail on his Fourth Amendment claims for false arrest and malicious prosecution under § 1983, Spencer must prove a lack of probable cause. Buttino v. City of Hamtramck, 87 F. App'x 499, 502 (6th Cir. 2004); see also Buchanan v. Metz, 647 F. App'x 659, 664 (6th Cir. 2016) ("Although the legal standards for claims of false arrest and malicious prosecution under the Fourth Amendment are different, both claims turn on the existence of probable cause."); Hardesty v. City of Ecorse, 623 F. Supp. 2d 855, 859 (E.D. Mich. 2009) ("A plaintiff cannot recover for a violation of his constitutional rights arising out of

4

his arrest where probable cause existed for the arrest." (citing Criss v. City of Kent, 867 F.2d 259, 262 (6th Cir. 1988)).

In their motion for summary judgment, Defendants argue that the state court already ruled that there was probable cause to arrest and prosecute in this case when it bound Spencer over for trial following two preliminary examination hearings and, therefore, Spencer is collaterally estopped from relitigating the issue of probable cause. See Defs. Br. at 13 (Dkt. 41); see also Prelim. Exam. Trs., Exs. 14-A & 14-B to Defs. Mot. (Dkts. 41-15, 41-16).[3] Spencer did not respond to this estoppel argument in his brief.

It is well established that a finding in a prior criminal proceeding may estop an individual from relitigating the same issue in a subsequent civil action. Hinchman v. Moore, 312 F.3d 198, 202 (6th Cir. 2002) (citing Emich Motors Corp. v. Gen. Motors Corp., 340 U.S. 558, 568-569 (1951)). A state-court judgment is afforded the same preclusive effect as it would have under the law of the state in which the judgment was rendered. Id. (quoting Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). Under Michigan law, collateral estoppel applies when

> 1) there is identity of parties across the proceedings, 2) there was a valid, final judgment in the first proceeding, 3) the same issue was actually litigated and necessarily determined in the first proceeding, and 4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding.

Id. (quoting Darrah v. City of Oak Park, 255 F.3d 301, 311 (6th Cir. 2001)).

Further, Sixth Circuit jurisprudence provides that "where a state affords an opportunity for an accused to contest probable cause at a preliminary hearing and the accused does so, a

---

[3] The purpose of the preliminary examination is to determine whether probable cause exists to believe that an offense has been committed by the defendant. See generally Mich. Ct. R. 6.110.

finding of probable cause by the examining magistrate or state judge should foreclose relitigation of that finding in a subsequent § 1983 action." Buttino, 87 F. App'x at 503 (quoting Coogan v. City of Wixom, 820 F.2d 170, 174-175 (6th Cir. 1987), overruled on other grounds by Frantz v. Vill. of Bradford, 245 F.3d 869, 874 (6th Cir. 2001)); Smith v. Thornburg, 136 F.3d 1070, 1077 (6th Cir. 1998) (same); see also Ghaith v. Rauschenberger, 778 F. Supp. 2d 787, 803 (E.D. Mich. 2011), aff'd, 493 F. App'x 731 (6th Cir. 2012).

However, a finding of probable cause in a prior criminal hearing does not prevent a plaintiff from maintaining a claim for false arrest or malicious prosecution if the claims are based on the police officer supplying false information to establish probable cause. See Peet v. City of Detroit, 502 F.3d 557, 566 (6th Cir. 2007); Hinchman, 312 F.3d at 202-203; see also Holz v. City of Sterling Heights, 465 F. Supp. 2d 758, 771-773 (E.D. Mich. 2006) (the doctrine of collateral estoppel bars a Fourth Amendment claim unless the plaintiff could show that the defendants fabricated evidence and misled the court that bound the plaintiff over for trial).

Spencer, who was represented by counsel, had a full and fair opportunity to litigate the issue of probable cause during the two preliminary examination hearings in state court. That court concluded that there was probable cause to believe that a felony had been committed and that Spencer committed it. See 9/20/2013 Prelim. Exam. Tr., Ex. 14-A to Defs. Mot., at 49-50; 9/20/2013 Prelim. Exam. Tr., Ex. 14-B to Defs. Mot, at 56-58. And, more importantly, Spencer neither claims nor provides any evidence in this case to suggest that Defendants made any materially false statements upon which the state court relied to determine that probable cause existed to bind Spencer over for trial. Therefore, the doctrine of collateral estoppel prevents Spencer from relitigating the issue of probable cause in this § 1983 action. Buttino, 87 F. App'x at 503; White v. Tamlyn, 961 F. Supp. 1047, 1054-1055 (E.D. Mich. 1997).

Accordingly, Defendants are entitled to summary judgment on the Fourth Amendment claims because Spencer is unable to demonstrate a genuine issue of material fact that Defendants lacked probable cause to arrest or prosecute Spencer.

### B. Monell Claim Against Huron County

In order to pursue a claim for municipal liability under § 1983, a plaintiff must demonstrate that the alleged federal violation occurred because of a municipal policy, practice, or custom. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); accord D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014). A plaintiff may properly allege municipal liability by demonstrating one of the following: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance of[,] or acquiescence to[,] federal rights violations." D'Ambrosio, 747 F.3d at 386.

Importantly, municipal liability for the actions of employees may not be based on a theory of respondeat superior; rather, "[m]unicipal liability only attaches where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647-648 (6th Cir. 2012) (quoting Miller v. Sanilac Cnty., 606 F.3d 240, 254-255 (6th Cir. 2010)). However, "if a plaintiff does not suffer a constitutional violation, there can be no unconstitutional custom or policy that is 'the moving force' behind an act upon which municipal liability can attach." Baker v. Smiscik, 49 F. Supp. 3d 489, 501 (E.D. Mich. 2014) (citing Heyerman, 680 F.3d at 648); accord Ryan v. City of Detroit, No. 11-CV-10900, 2015 WL 1345280, at *8 (E.D. Mich. Mar. 25, 2015) ("The failure of a plaintiff to demonstrate the violation of a constitutional right means

7

that a Monell claim fails as a matter of law."). A plaintiff "has the burden of proof for establishing the existence of an unconstitutional policy and demonstrating the link between the policy and the alleged injuries at issue." Bennett v. City of Eastpointe, 410 F.3d 810, 819 (6th Cir. 2005).

As discussed above, the Court concludes that the individual Defendants had probable cause at the time of Spencer's arrest and subsequent prosecution; therefore, Spencer did not suffer a constitutional violation of his Fourth Amendment rights. E.g., Peet, 502 F.3d at 566 ("Since the police had probable cause to arrest Spencer, the officers did not commit the constitutional wrong that Spencer's suit alleges. Consequently, the City of Detroit cannot be held liable under § 1983 for police conduct that inflicts no constitutional injury." (citing City of Los Angeles v. Heller, 475 U.S. 769, 799 (1986) (per curiam)). Accordingly, the Court grants Defendants' motion with respect to all of the federal claims against Huron County.

### C. State-Law Claims

Having determined that Spencer's federal claims lack merit, the case does not retain a federal character. Accordingly, pursuant to 28 U.S.C. § 1367, the Court declines to extend supplemental jurisdiction over Spencer's state-law claims, including any alleged false arrest, false imprisonment, or malicious prosecution under Michigan law contained in counts three and four, and dismisses them without prejudice. Brown v. Cuyahoga Cnty., 517 F. App'x 431, 436 (6th Cir. 2013) ("28 U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction.").

### D. Plaintiff's Motion to Enlarge the Record and Defendants' Motions In Limine

8

On December 19, 2016, Spencer filed a motion to enlarge the record pursuant to Federal Rule of Civil Procedure 15, claiming that he "recently learned of evidence of retaliation by Defendant Swartz towards Plaintiff that was unknown before this time." Pl. Mot. at 2 (Dkt. 54); see also id. ("It has just recently been learned that Defendant Swartz allegedly made comments in retaliation to Plaintiff's arrest that would be construed as retaliatory, and provide further evidence that Plaintiff was falsely and maliciously arrested."). However, there is nothing in the motion to suggest that any of the recently discovered evidence bears on whether Defendants made any materially false statements upon which the state court relied to determine that probable cause existed to bind Spencer over for trial.

Furthermore, the motion is silent on what the retaliation was allegedly for, nor is there any citation as to how this would undercut a finding of probable cause. Typically, an officer's subjective motivation is irrelevant to a determination of whether probable cause — an objective standard — exists. See McCurdy v. Montgomery Cnty., Ohio, 240 F.3d 512, 517 (6th Cir. 2001); see also Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."); Ornelas v. United States, 517 U.S. 690, 696 (1996) (holding that probable cause is assessed from the perspective of an objectively reasonable police officer). For all of these reasons, the motion to enlarge the record is denied.

Because Defendants are entitled to summary judgment on Spencer's federal claims, see supra, the Court denies their motions in limine (Dkts. 52, 53) as moot.

## IV. CONCLUSION

For the reasons stated above, the Court grants in part Defendants' motion for summary judgment (Dkt. 41). Spencer's federal claims are dismissed with prejudice, while his state-law

9

claims are dismissed without prejudice. The Court also denies Spencer's motion to enlarge the record (Dkt. 54) and denies Defendants' motions in limine (Dkts. 52, 53) as moot. A separate judgment will enter.

    SO ORDERED.

Dated: January 24, 2017             s/Mark A. Goldsmith
    Detroit, Michigan             MARK A. GOLDSMITH
                                                          United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2017.

                                                               s/Karri Sandusky
                                                                Case Manager